NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30047 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00057-SLG-1 |
| v. | |
| CHARLES BERNARD TOPPS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Charles Bernard Topps appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Topps contends that remand is required because the district court did not

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

explain what legal standard it was applying, making it unclear whether it impermissibly relied on U.S.S.G. § 1B1.13 in violation of this court's decision in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The record does not support this claim. The court correctly recited the statutory requirements for a compassionate release motion, acknowledged the "significant disagreement among district courts" as to whether § 1B1.13 was binding, and explained that it would reach the same conclusion even if the policy statement were not binding. Thus, the court properly understood and applied the correct legal standard. Although Topps is correct that the court did not definitively rule on whether he had established extraordinary and compelling reasons for compassionate release, it was not required to do so in light of its conclusion that relief was not warranted under the § 3553(a) factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). The court did not legally err, nor did it abuse its discretion in concluding that the § 3553(a) factors did not support compassionate release in this case. *See id.* at 1281, 1284.

Appellee's motion to supplement the record is denied.

**AFFIRMED.**